```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CRAIG AREND,                                              :
                                                          :
                              Plaintiff,                  :
                                                          :         **MEMORANDUM AND ORDER**
                    -against-                             :
                                                          :         05-CV-3064 (DLI)(JMA)
TOTAL RECOVERY SERVICES, INC.,                            :
                                                          :
                              Defendant.                  :
----------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge**:

      Before the court is Plaintiffs' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) arising from allegations that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("the FDCPA"). Plaintiff, Craig Arend, alleges that Defendant, Total Recovery Services, Inc, in attempting to collect Plaintiff's debt through various collection letters violated the FDCPA. For the following reasons, Plaintiff's motion for judgment on the pleadings is denied.

## Background

    Plaintiff, Craig Arend, moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) alleging violations of the FDCPA. Defendant, a collection agency, was engaged to collect Plaintiff's alleged consumer debt of $110.95 owed to creditor, Family Video, by mailing him three collection letters. (Miller Aff. at ¶ 3.) Plaintiff contends that language contained in two of the three collection letters violate multiple sections of the FDCPA. (Pl.'s Mem. at 1.)

      The three letters sent to Plaintiff are dated July 19, 2004, August 23, 2004 and September 20, 2004, respectively. The first collection letter dated July 19, 2004 (the "First Letter") was sent to Plaintiff at his former address. (Def.'s Mem. in Opp'n at 2.) It is unclear whether this

misaddressed letter was ever forwarded to Plaintiff's current address. If the First Letter was forwarded to Plaintiff's current address, it is unclear when Plaintiff received it.[1]

Defendant sent Plaintiff a second collection letter dated August 23, 2004 (the "Second Letter"). (Miller Aff. Ex. B) Although Plaintiff does not dispute receipt of the Second Letter, Plaintiff does not indicate when he received the Second Letter. (Pl.'s Mem. at 2.) Defendant sent Plaintiff a third collection letter dated September 20, 2004 (the "Third Letter"). (Miller Aff. Ex. C.) Plaintiff does not dispute that he received the Third Letter.

On October 25, 2004, Plaintiff sent Defendant a letter demanding validation or verification of the alleged debt. (Miller Aff. Ex. D.) On November 22, 2004, Defendant sent Plaintiff a letter with a copy of an invoice from the actual creditor verifying the debt.[2] *(Id.* at ¶ 3.)

In January 2005, Defendant decided not to pursue the debt and so informed Plaintiff in a letter dated January 7, 2005. (Miller Aff. Ex. G.) Plaintiff nonetheless filed a complaint in this court on June 24, 2005. Defendant joined issue on August 15, 2005. Thereafter, the instant motion for judgment on the pleadings followed.

---

[1] Plaintiff maintains in his reply papers that "one could argue that the plaintiff did not receive the initial letter." (Pl.'s Reply Mem. at 3.) However, the court assumes that Plaintiff received the initial letter because Plaintiff states in his memorandum of law that "[w]hile plaintiff has alleged in . . . the complaint the letter [dated August 23, 2004] was an initial letter, that is not the case and not plaintiff's claim." (Pl.'s Mem. at 2.)

[2] Plaintiff does not contest that Defendant provided such verification. However, the court notes that the invoice verifying such debt was not attached to Defendant's papers.

## Discussion

### I. Standard of Review

The standard to be applied to a motion for judgment on the pleadings brought under Fed. R. Civ. P. 12(c) is the same as a motion to dismiss under Rule 12(b)(6), unless the Court chooses to consider materials outside the four corners of the pleadings. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, 513 U.S. 816, 115 S. Ct. 73, 130 L. Ed. 2d 28 (1994). Here, Plaintiff contends that the language in two of the Defendant's collection letters violates various sections of the FDCPA. Although the letters are not attached to Plaintiff's complaint, the letters are referred to in the pleadings, and, thus, incorporated by reference. *See Horne v. King*, 161 Fed. Appx. 122, 124 (2d Cir. 2005); *Sira v. Morton*, 380 F.3d 57, 66-67 (2d Cir. 2004). Although the First Letter is not expressly mentioned int the complaint, the document is also incorporated into the pleadings because it is integral to Plaintiff's ability to pursue a claim under the FDCPA. *See Sira*, 380 F.3d at 67. Thus, the standard in evaluating this motion is whether plaintiff is entitled to judgment as a matter of law. *Burns Int'l Sec. Servs. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995). In addition, a non-moving party's well-pleaded facts and allegations are assumed to be true. *Sciappa v. Brookhaven Sci. Assoc.*, 403 F. Supp. 2d 230, 234 (E.D.N.Y. 2005).

### II. Alleged 15 U.S.C. § 1692g Violations

Plaintiff contends that the Second Letter violates § 1692g of the FDCPA because its language contradicted Plaintiff's right to dispute the alleged debt. (Pl.'s Mem. at 2.) Pursuant to § 1692g of the FDCPA, a debt collector must send the debtor a written notice of the alleged debt. 15 U.S.C. § 1692g (2006). Thereafter, a debtor has the right to demand validation of or dispute

the alleged debt within thirty (30) days from the initial notice. 15 U.S.C. § 1692g(a). This thirty-day period, known as the validation period, begins to run upon the debtor's receipt of the initial notice. *Id.*; *Goldman v. Cohen*, 445 F.3d 152, 154 (2d Cir. 2006). A debt collector violates § 1692g of the FDCPA if it sends the debtor a subsequent collection letter within the validation period and such letter "overshadows or contradicts" the consumer's right to dispute the debt. *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 660-61 (S.D.N.Y. 2006).

Here, Plaintiff contends that in stating, "[w]e do report to national credit reporting agencies. Send your PAYMENT IN FULL TODAY or contact our office," the Second Letter contradicts Plaintiff's right to dispute the debt. Specifically, Plaintiff contends that this statement can be interpreted to mean that plaintiff must pay the debt in full immediately or the debt will be reported to the credit bureaus, which is counter to plaintiff's right to dispute the debt. However, the court, at this juncture, is unable to determine whether the Second Letter contradicted Plaintiff's right to dispute the debt because Plaintiff failed to indicate in his complaint or motion papers when he received the First Letter, commencing the validation period.[3] Therefore, the court is unable to determine if the Second Letter was sent during the validation period. If the Second Letter was sent within the validation period, then an argument can be made that the Second Letter contradicts Plaintiff's right to dispute the debt. *See Foti*, 424 F. Supp. 2d. at 660-61. However, if the Second Letter was sent after the validation period expired, then the Second Letter does not contradict Plaintiff's right to dispute the debt because pursuant to § 1692g the debt may be assumed valid if a debtor does not dispute the debt during

---

[3] Although receipt may be assumed after 3 days of mailing, *see* Fed. R. Civ. P. 6(e), here, the letter was sent to plaintiff's former address and it is unclear if and when the letter was forwarded to plaintiff's current address. Thus, the court cannot determine when plaintiff received the letter.

the validation period. Accordingly, without knowing when Plaintiff received the First Letter, the court is unable to make a determination as to whether the Second Letter violates 15 U.S.C. § 1692g.

### III.     Alleged 15 U.S.C. § 1692e(10) Violations

Plaintiff contends that if the court finds that the Second Letter was not sent during the validation period, the Second Letter violates § 1692e(10) because Defendant made false representations in the Second Letter and used such representations as a deceptive means to collect Plaintiff's alleged debt. (Pl.'s Reply Mem. at 2.) Pursuant to § 1692e(10) of the FDCPA, the debt collector is prohibited from using "any false representation or deceptive means" to attempt to collect any debt. 15 U.S.C. § 1692e(10). "A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax*, 74 F.3d 30, 35 (2d Cir. 1996). This court must apply the least sophisticated consumer standard. *See, e.g., Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2006); *Russell*, 74 F.3d at 35. It is an objective standard which discards any "unreasonable misinterpretations." *Jacobson v. Healthcare Fin. Serv.*, No. 04-CV-3268, 2006 U.S. Dist. LEXIS 36361, at *7 (E.D.N.Y. June 6, 2006).

Here, Plaintiff contends that, if the Second Letter was sent outside the validation period, the Defendants made false representations by stating "[y]ou still have time to exercise your rights" because Plaintiff did not have the right to dispute the debt. (Pl.'s Reply Mem. at 2.) Specifically, Plaintiff refers to § 1692g of the FDCPA, providing that unless a consumer disputes the validity of the debt within the validation period, the debt will be assumed valid by the debt collector. *Id.* However, § 1692g of the FDCPA does not prohibit a debt collector from giving

5

the consumer more than thirty days to exercise his right to obtain validation of the debt. *Brenker v. Creditors Interchange, Inc*., No. 03 Civ. 6500, 2004 U.S. Dist. LEXIS 4825, at *7 (S.D.N.Y. Mar. 24, 2004). It is neither deceitful nor false, even to the least sophisticated consumer, for Defendant to offer Plaintiff additional time to exercise his right to obtain validation of the debt. In fact, Plaintiff sought verification of the debt and Defendant provided Plaintiff with validation, namely the creditors invoice listing the debt. (*See* Miller Aff. Ex. D-E.) Furthermore, in January 2005, Defendant decided not to pursue Plaintiff's debt. (Miller Aff. Ex. G.) Accordingly, at this juncture the court cannot find that Defendant's Second Letter violates § 1692e(10) of the FDCPA.

Plaintiff also contends that the Third Letter violates § 1692e(10) because the least sophisticated consumer would be deceived by the statement "WHY HAVE YOU IGNORED OUR NOTICES? THIS MATTER WILL NOT SIMPLY GO AWAY. SEND YOUR PAYMENT IN FULL TODAY AND CLEAR YOUR RECORD WITH OUR OFFICE." (Pl.'s, Mem. at 9.) Plaintiff argues that the debt will "ultimately go away" even if the debt can be sued upon because "the judgment would only be enforceable for twenty years" and the debt will be "removed [from the consumer's credit report] after seven years." (Pl.'s Mem. at 9-10.)

The Third Letter is not used to deceive Plaintiff because Plaintiff's debt "will not simply go away." First, pursuant to § 1692g of the FDCPA, since the Third Letter was sent after the validation period, the debt is assumed valid unless Plaintiff affirmatively disputes the validity of the debt. 15 U.S.C. § 1692g (2006). Second, the debt, if enforceable, will not "simply" go away where it negatively affects Plaintiff's credit rating for seven years. Third, if the debt is assumed valid, a judgment could be obtained against Plaintiff, which would be enforceable for

6

approximately 20 years. Accordingly, the court cannot at this juncture, find that the Third Letter violates § 1692e(10) of the FDCPA.

## **Conclusion**

For the reasons stated above, Plaintiff's motion for judgment on the pleadings is DENIED.

SO ORDERED.

DATED:    Brooklyn, New York
         July 24, 2006

                                                                  /s/
                                       DORA L. IRIZARRY
                                 United States District Judge